ORIGINAL

FILED
DISTRICT COURT OF GUAM
OCT 28 2024
JEANNE G. QUINATA
CLERK OF COURT

1  SHAWN N. ANDERSON
   United States Attorney
2  STEPHEN F. LEON GUERRERO
   Assistant United States Attorney
3  Sirena Plaza, Suite 500
   108 Hernan Cortez Avenue
4  Hagatna, Guam 96910
   TEL: (671) 472-7332
5  FAX: (671) 472-7215

6  Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION FOR DESIGNATION, ARREST AND DETENTION OF A MATERIAL WITNESS | MISC. CASE NO. 24-00020<br><br>**IN RE *EX PARTE* APPLICATION FOR DESIGNATION AND ARREST OF A MATERIAL WITNESS; MEMORANDUM OF POINTS AND AUTHORITIES; AFFIDAVIT OF SPECIAL AGENT BLU SHIROMA** |

Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney, moves this Court for an Order to designate JU HEE S. KIM aka JU HEE SONG as a material witness in the above-captioned case, pursuant to Title 18, United States Code, Section 3144. The United States of America further requests that the Court issue a warrant for the arrest of JU HEE S. KIM aka JU HEE SONG as a material witness, and that upon such arrest, the Court, following a hearing, pursuant to 18 U.S.C. § 3142, order her detained pending hearings or prospective trial. As set forth below, should the presence of this witness not be secured by her arrest, it will be impracticable to secure their presence for trial by subpoena.

This *Ex Parte* Application is based on the attached Memorandum of Points and Authorities,

1

the attached Affidavit of Homeland Security Investigations Special Agent Blu Shiroma, and all other files and records in the above-captioned matter.

RESPECTFULLY SUBMITTED this 28TH day of October, 2024.

SHAWN N. ANDERSON
United States Attorney
Districts of Guam and NMI

By: /s/ Stephen F. Leon Guerrero
STEPHEN F. LEON GUERRERO
Assistant United States Attorney

# MEMORANDUM OF POINTS AND AUTHORITIES

Title 18, United States Code, Section 1344 provides that where it appears by affidavit that "the testimony of a person is material in a criminal proceeding," and where it is "shown that it may become impracticable to secure the presence of a person by subpoena," the Court may order the arrest of a person and treat the person in accordance with the provisions of Title 18, United States Code, Section 3142.

Indeed, it is well-settled that witnesses to a crime for which a defendant is charged can be held as material witnesses. See *United States v. Verduzco-Macias*, 463 F.2d 105 (9th Cir. 1972). In *Bacon v. United States*, 449 F.2d 933 (9th Cir. 1971), the Ninth Circuit found that the scope of the predecessor statute to Section 3144 (then designated as Title 18, United States Code, Section 3142) was broad and it applied to grand jury proceedings as well as trial proceedings. *Id*. at 940.

The Ninth Circuit has concisely explained the requirements for obtaining a material witness warrant:

> Before a material witness arrest warrant may issue, the judicial officer must have probable cause to believe (1) 'that the testimony of a person is material' and (2) 'that it may be impracticable to secure his presence by subpoena.' These requirements are reasonable, and if they are met, an arrest warrant may issue… as to criterion (2), sufficient facts must be shown to give the judicial officer probable cause to believe that it may be impracticable to secure the presence of the witness by subpoena. Mere assertion will not do.

*Id*. at 943 (citations omitted).

Both statute and case law make it clear that when the government has concerns that the normal subpoena process will not secure the presence of a witness to a crime, it may apply to the court to have the witness held either in custody or subject to conditions of release as set forth in Title 18, United States Code, Section 3142.

The attached affidavit in this case sets forth sufficient facts to find that the testimony of JU HEE S. KIM aka JU HEE SONG is material in the trial of *United States v. Bonnie Jo C. Quichocho*

3

*and Jung Hoon Song*, Criminal Case No. 24-00005. As further explained by Homeland Security Investigations Special Agent Blu Shiroma's attached affidavit, it is clear that unless the presence of JU HEE S. KIM aka JU HEE SONG at trial is secured by her arrest, it may well become impracticable to secure her presence by subpoena. In *United States v. Hart*, 546 F.2d 798, 800 (9th Cir. 1976), the Ninth Circuit held that the government was required to use reasonable efforts to produce at trial material witnesses, taking into account the history and attitude of such witnesses. The court noted that the detention of material witnesses has been found appropriate in those cases where "[e]very self-interest [of the witnesses] was on the side of their fleeing the jurisdiction." In this case, the Government is not confident that JU HEE S. KIM aka JU HEE SONG, if subpoenaed, would make herself available for trial.

In light of the foregoing facts, the government applies to this Court to declare that JU HEE S. KIM aka JU HEE SONG is a material witness and to issue an arrest warrant. It is suggested that only by such an order can a failure and frustration of justice be prevented.

4

Case 1:24-mc-00020   Document 1   Filed 10/28/24   Page 4 of 8

# AFFIDAVIT

I, Blu Shiroma, being duly sworn, do hereby depose and say the following:

A. **Background of Affiant**

1. I am a Special Agent of the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations (HSI) and have been so employed since July 2008. I am currently assigned to the Assistant Special Agent in Charge (ASAC) Guam Office, where my duties include investigating both criminal and administrative violations of federal laws of Titles 8, 18, 19, 21, 31 and others; specifically including but not limited to violations of Title 8, United States Code, Section 1325(c) – Marriage Fraud and Title 18, United States Code, Section 1546 – Visa Fraud. I have also received classroom and on the job training in the areas of general law enforcement, criminal investigative techniques, interviews and interrogations, general and electronic surveillance and criminal law including search and seizure.

2. The information in this affidavit is based on my personal knowledge, information provided to me by other law enforcement officers and individuals, and the reports and memoranda of other law enforcement officers. The information in this affidavit is provided for the limited purpose of establishing probable cause. The information is not a complete statement of all the facts related to this case.

3. This affidavit is made in support of the government's request for a material witness designation and arrest warrant pursuant to Title 18, United States Code, Section 3144 for JU HEE S. KIM aka JU HEE SONG, for the purpose of securing her attendance at trial. The following information is also being provided to show that it may be impractical to secure JU HEE S. KIM aka JU HEE SONG's testimony at trial or any other hearing in this case by means of a subpoena.

4. On March 6, 2024, a Grand Jury in the United States District Court for the District of Guam charged Defendants BONNIE JO C. QUICHOCHO and JUNG HOON SONG with one

5

count of Conspiracy to Commit Visa Fraud, in violation of 18 U.S.C. §§ 371, 1546(a), and 2; and Visa Fraud, in violation of 18 U.S.C. §§ 1546(a), and 2; and Notice of Forfeiture, in violation of 18 U.S.C. § 982(a)(6).

5. Sometime in 2008 or 2009, prior to the marriage, a friend of BONNIE JO C. QUICHOCHO introduced her to SONG, to which SONG repeatedly asked QUICHOCHO to marry him. QUICHOCHO and SONG agreed that they would enter into a sham marriage for the sole purpose of QUICHOCHO filing an I-130 Petition to help SONG obtain a green card.

6. On or about February 10, 2012, QUICHOCHO filed a Form I-130, Petition for an Alien Relative, with United States Customs and Immigration Services (USCIS), and falsely stated on the petition documents that she and SONG were residing at an apartment unit at Harmon Garden Apartments in Dededo, Guam, when in fact, she and SONG had never resided together. Instead, QUICHOCHO had been residing in a separate residence.

7. On or about February 10, 2012, SONG filed an I-485, Application to Adjust Status or Register for Permanent Residence, with USCIS and submitted supporting documentation accompanying the form, which stated, among other things, that SONG and QUICHOCHO were residing in an apartment unit at the Harmon Garden Apartments in Dededo, Guam, when in fact, SONG and QUICHOCHO had never resided together, either at that apartment unit or elsewhere. Instead, SONG primarily resided at a residence in Tamuning, Guam.

8. During the conspiracy, QUICHOCHO and SONG leased the apartment unit at the Harmon Garden Apartments to create the appearance of a legitimate marriage between QUICHOCHO and SONG. QUICHOCHO and SONG submitted the lease agreement with their petitions to USCIS.

9. In furtherance of the conspiracy, on or about May 12, 2014, QUICHOCHO and SONG, jointly filed a Form I-751, Petition to Remove Conditions on Residence, for SONG to

receive an immigration benefit. On November 21, 2014, a Notice of Intent to Terminate Conditional Permanent Resident Status was issued to SONG by USCIS. In response, QUICHOCHO and SONG, to prove their marriage was *bona fide*, provided two additional affidavits from Eugene KIM and JU HEE S. KIM aka JU HEE SONG attesting to the fact that QUICHOCHO and SONG have been living together as husband and wife. See Exhibit 1.

10. On or about January 26, 2022, HSI Agents interviewed QUICHOCHO in El Paso, Texas. During that interview, QUICHOCHO was shown the affidavit signed by JU HEE S. KIM aka JU HEE SONG claiming to have known QUICHOCHO and SONG for over four years. QUICHOCHO stated that she did not know anyone by that name.

11. In furtherance of the conspiracy, SONG used his Lawful Permanent Resident Card obtained through his marriage with QUICHOCHO to travel to Guam from Korea on or about May 16, 2022.

12. A trial date for QUICHOCHO and SONG is currently scheduled for January 8, 2025.

13. HSI agents served a trial subpoena to JU HEE S. KIM aka JU HEE SONG at the Guam International Airport on March 7, 2024. On October 21, 2024, HSI Agents informed JU HEE S. KIM aka JU HEE SONG of the possible new trial date of November 21, 2024, at her place of employment at Boong's Café in Tumon, Guam. JU HEE S. KIM aka JU HEE SONG told agents that she does not want to hear anything about the case because it has caused her a lot of stress. Additionally, JU HEE S. KIM aka JU HEE SONG told agents that she did not want to show up and will not show up to Court.

14. Based on the information set forth above and my training and experience, there is probable cause to believe that the testimony of JU HEE S. KIM aka JU HEE SONG is material to a prospective trial of *United States v. Bonnie Jo C. Quichocho and Jung Hoon Song*, Criminal

7

1  Case No. 24-00005, and it may become impracticable to secure their appearance at trial by
2  subpoena.
3
4  Further Affiant sayeth naught.

_____
BLU SHIROMA
Special Agent
Homeland Security Investigations

TERRITORY OF GUAM    )
                     ) ss.
City of Hagatna      )

SUBSCRIBED AND SWORN TO before me this 28th day of October, 2024.

_____
MICHELLE A.P. PEREZ
NOTARY PUBLIC
In and for the Territory of Guam, U.S.A.
My Commission Expires: DEC. 20, 2025
108 Hernan Cortez Ave. Ste. 500 Hagatna, GU 96910