# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

IN RE *EX PARTE* APPLICATION FOR DESIGNATION, ARREST AND DETENTION OF A MATERIAL WITNESS.

MISCELLANEOUS CASE NO. 24-00020

**ORDER**
Denying Application

On October 28, 2024, the United States filed an Ex Parte Application for Designation and Arrest of Material Witness (the "Application"). The United States requested that this court designate Ju Hee S. Kim a.k.a. Ju Hee Song ("Ms. Kim") as a material witness in the trial of *United States v. Bonnie Jo C. Quichocho and Jung Hoon Song*, Criminal Case No. 24-00005. The United States was also concerned that the normal subpoena process would not secure Ms. Kim's presence at trial, so the government moved the court to issue a warrant for her arrest pursuant to 18 U.S.C. § 3144.[1]

As noted in the government's Application, the Ninth Circuit has explained that "[b]efore a material witness arrest warrant may issue, the judicial officer must have probable cause to believe (1) that the testimony of a person is material and (2) that it may become impracticable to secure his

---

[1] In pertinent part, this statute provides:

> If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title.

18 U.S.C. § 3144.

presence by subpoena." *Bacon v. United States*, 449 F.2d 933, 943 (9th Cir. 1971) (internal quotations omitted). With regard to the second requirement, the Ninth Circuit cautioned that "sufficient facts must be shown to give the judicial officer probable cause to believe that it may be impracticable to secure the presence of the witness by subpoena. Mere assertion will not do." *Id.*

Applying the above to the Ninth Circuit's instruction to this case, the court finds that the Application and supporting affidavit do not state sufficient facts for the court to conclude that Ms. Kim is a material witness. The government has not explained how Ms. Kim's expected testimony will be used (if she even testifies assuming she doesn't assert her right to remain silent). There simply is a lack of probable cause for the court to conclude that Ms. Kim's testimony is material to the case against Ms. Quichocho and Mr. Song.

Additionally, the court cannot conclude that it may be impracticable to secure Ms. Kim's presence subpoena. Based on the supporting affidavit, HSI agents were able to serve the trial subpoena on Ms. Kim in March 2024, and subsequently met with her at her work in October 2024 to inform her of the new trial date. *See* Blu Shirmoa Aff. at ¶13. Ms. Kim accepted the subpoena; she did not refuse service or rip up the subpoena. She did not evade service, and the agents appear to have easily located her. Agent Shiroma stated that Ms. Kim told the agents that the case "has caused her a lot of stress" and that she "did not want to show up and will not show up to [c]ourt." Such statements are not uncommon from witnesses who are subpoenaed for trial. The court is willing to give Ms. Kim the same opportunity afforded to most witnesses to reflect on her obligation to obey the subpoena process. Ms. Kim appears to reside and work on Guam, and there are no facts presented that indicate that Ms. Kim would flee to jurisdiction where she would be beyond the court's reach. Ms. Kim's statements simply do not support an inference that she will flee. The facts of the instant case do not present sufficient probable cause for the court to conclude that Ms. Kim could not practicably be brought before the court for trial through the subpoena process.

Accordingly, the court denies the Application at this time. If the government has additional facts it wishes to present, then it may file an amended application for the court's consideration.

IT IS SO ORDERED.



/s/ Michael J. Bordallo
U.S. Magistrate Judge
Dated: Oct 29, 2024