# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

IN RE *EX PARTE* APPLICATION FOR DESIGNATION, ARREST AND DETENTION OF A MATERIAL WITNESS.

MISCELLANEOUS CASE NO. 24-00020

**ORDER**
Denying Amended Application
(ECF No. 3)

On December 17, 2024, the United States filed an Amended *Ex Parte* Application for Designation and Arrest of Material Witness (the "Amended Application"). The United States again requested that this court designate Ju Hee S. Kim a.k.a. Ju Hee Song ("Ms. Kim") as a material witness in the trial of *United States v. Bonnie Jo C. Quichocho and Jung Hoon Song*, Criminal Case No. 24-00005. The United States repeated its concern that the normal subpoena process would not secure Ms. Kim's presence at trial, so the government asked the court to issue a warrant for her arrest pursuant to 18 U.S.C. § 3144.

As the court previously noted in its Order denying the government original application, *see* Order, ECF No. 2, "[b]efore a material witness arrest warrant may issue, the judicial officer must have probable cause to believe (1) that the testimony of a person is material and (2) that it may become impracticable to secure his presence by subpoena." *Bacon v. United States*, 449 F.2d 933, 943 (9th Cir. 1971) (internal quotations omitted). The Ninth Circuit cautioned that "sufficient facts must be shown to give the judicial officer probable cause to believe that it may be impracticable to secure the presence of the witness by subpoena. Mere assertion will not do." *Id.*

Applying the above standard,, the Amended Application and supporting affidavit still do not provide sufficient facts for the court to conclude that Ms. Kim is a material witness. Even assuming

Ms. Kim will not assert her Fifth Amendment right to remain silent, the government has not shown how Ms. Kim's expected testimony is material to the government's case. The government accuses Defendants Quichocho and Song of entering into a sham marriage for the sole purpose of helping Defendant Song obtain a green card. The agent's affidavit in support of the Amended Application states that Ms. Kim submitted an affidavit in support of Defendant Song's Application to Adjust Status or Register for Permanent Residence which stated that Ms. Kim has been friends with Defendants Song and Quichocho for four years and that Ms. Kim knows that Defendants Song and Quichocho "being husband and wife respective, are both living together at the present time in the Territory of Guam[.]" Aff. Blu Shiroma at ¶7, ECF No. 3, and Ex. 1 thereto. The government maintains that Defendants Quichocho and Song have "never resided together." Aff. Blu Shiroma at ¶6, ECF No. 3. Because Ms. Kim's anticipated testimony directly contradicts what the government intends to prove with regard to the alleged sham marriage, there is no probably cause to believe that Ms. Kim's testimony is material to the government's case.

Agent Shiroma's affidavit also indicates that he met with Ms. Kim at her workplace on November 27, 2024, to schedule a pretrial meeting with her, but Ms. Kim told Agent Shiroma that she was unavailable to meet at any time because of her work schedule. *Id.* at ¶15. The agent reminded her she had been subpoenaed for trial, and Ms. Kim replied that she was "unsure about trial." *Id.* An individual the agent believed was Ms. Kim's husband then asked him to leave the premises. *Id.* These facts do not indicate that Ms. Kim will flee the jurisdiction. Rather, it implies that Ms. Kim was busy working and did not have time to meet with the agent or government counsel for a "pretrial meeting." These additional facts, coupled with the information previously provided to the court, still do not present sufficient probable cause for the court to conclude that Ms. Kim could not practicably be brought before the court for trial through the subpoena process.

Accordingly, the court denies the Amended Application.

IT IS SO ORDERED.



**/s/ Michael J. Bordallo**
  **U.S. Magistrate Judge**
**Dated: Jan 06, 2025**